```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

UNITED STATES OF AMERICA,

                                                04-CR-6178T

           v.                                **DECISION**
                                                **and ORDER**

JOSUE NAVEDO,

                                Defendant.
_____

     Defendant Josue Navedo ("Navedo") is charged in this case with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I); possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).  The charges stem from the execution of a search warrant conducted at 38 Santee Street in the City of Rochester, N.Y., which revealed unspecified quantities of cocaine and marijuana located within the residence, and a handgun found in an upstairs bedroom.  Defendant was discovered in the attic of the residence.

     This case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings by Order dated December 17, 2004.  On June 2, 2003, Navedo filed an omnibus motion seeking, _inter_ _alia_, the identification of the confidential informant ("CI") who had made three controlled purchases at 38 Santee Street.  The purchases

formed the factual basis of the application for the search warrant. Defendant contends that he was only a visitor to the address and that identification of the CI is necessary for him to proceed with his defense. Specifically, defendant argues that the CI would not be able to identify the defendant as the person from whom the CI made the three controlled drug purchases, and that such evidence would demonstrate that the defendant was only a visitor to 38 Santee Street, not a person engaged in drug trafficking at that location.

Judge Payson held a hearing on defendant's motions and by Decision and Order dated August 29, 2005, denied defendant's request for an order directing the government to identify its confidential informant. Judge Payson, however, for the purpose of allowing the defendant to determine whether or not any of the CI's information would assist his defense, ordered the government to disclose any and all reports of the three purchases made by the CI, and to advise the defendant whether or not the purchases were recorded on either audio or video tape.

On September 22, 2005, the government timely filed an objection to Judge Payson's Order asking this court to vacate that portion of the Order requiring the government to disclose information related to the three controlled purchases. The government argues that disclosing information surrounding the purchases would be tantamount to disclosing the CI's identity,

because the defendant would be able to ascertain the identity of the CI based on the information contained in the reports.

While the government raises a valid concern, I deny the government's objection to Judge Payson's Order on grounds that the government should have first moved for reconsideration of this matter before Judge Payson. Judge Payson clearly ordered that the CI's identity not be disclosed at this time. However, if the government is correct in its assumption that disclosure of information regarding the purchases would disclose the CI's identity, such an outcome would be contrary to the result intended by Judge Payson. Nevertheless, the government did not raise this point before Judge Payson, and therefore, did not give Judge Payson the opportunity to consider whether or not disclosing the purchase information would be contrary to her ruling that the CI's identity not be disclosed.

Because Judge Payson should be given an opportunity to consider whether or not disclosing the information regarding the purchases would abrogate her ruling with respect to the CI's identity, I remand this action to Judge Payson for any proceeding she deems necessary to determine whether or not disclosure of the information regarding the three purchases would result in disclosure of the CI's identity, and if so, what procedures would best balance the defendant's right to obtain information necessary for his defense against the government's interest in maintaining

the confidentiality of the CI's identity.  This may include conducting an *in* *camera* review of the information regarding the controlled purchases. Accordingly, I affirm Judge Payson's August 29, 2005 Decision and Order and Report and Recommendation, and remand this action to her for further proceedings consistent with this Order.

    ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
          October 21, 2005